l,ON APPLICATION FOR REINSTATEMENT
PER CURIAM.*
This proceeding arises out of an application for reinstatement filed by petitioner, John B. Cornish, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Cornish, 04-1453 (La.12/13/04), 889 So.2d 236, petitioner was suspended from the practice of law for three years, with all but one year and one day deferred, for failing to exercise sufficient supervisory oversight of a disbarred attorney working in his office as a paralegal, failing to provide competent representation to a client, neglecting the client’s legal matter, and failing to communicate with the client. Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
*659 After considering the testimony and evidence presented at the hearing, the hearing committee recommended petitioner be reinstated to the practice of law. The | ^disciplinary board adopted the committee’s reasoning and determinations. Accordingly, the board recommended to this court that petitioner be granted reinstatement.
After considering the record in its entirety, we will adopt the disciplinary board’s recommendation. Petitioner shall be reinstated to the practice of law.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that John B. Cornish, Louisiana Bar Roll number 4392, be immediately reinstated to the practice of law in Louisiana. All costs of these proceedings are assessed against petitioner.

 Chief Justice Kimball not participating in the opinion.